**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 18-14494-CV-MIDDLEBROOKS/Maynard

PAUL T. MCNAMEE,

    Petitioner,

v.

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

**<u>ORDER ADOPTING REPORT OF MAGISTRATE JUDGE</u>**

THIS CAUSE comes before the Court on Magistrate Judge Shaniek Maynard's Report (DE 20) recommending denial of Paul T. McNamee's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (DE 1).  I have carefully reviewed Judge Maynard's Report and Recommendation (DE 20), Mr. McNamee's objections (DE 23) and the AG's responses thereto (DE 25), Mr. McNamee's petition (DE 1), the Response to Order to Show Cause (DE 12), the Reply (DE 17), as well as the state court orders, especially the opinion of the Fourth District Court of Appeals on direct appeal, *McNamee v. State,* 906 So. 2d 1171 (Fla. 4th DCA 2005).

I have little to add to Judge Maynard's comprehensive and well-reasoned Report and Recommendation. I make only three general observations from the perspective of a trial judge.

First, while now couched in terms of a claim of ineffective representation by counsel, the Petition largely expresses disagreement with the rulings of the state court pertaining to suppression of pre-trial statements made by Mr. McNamee. Trial counsel vigorously sought to exclude evidence arising first from the traffic stop of the defendant, and also arising from the subsequent

interviews and interrogation by police. These efforts were far more exhaustive than the Petition suggests, as shown by the Fourth District Court of Appeals' opinion on direct appeal.

Second, with respect to the issue of whether Mr. McNamee knew that he could have testified during the suppression hearing, the state court judge heard the evidence and did not believe Mr. McNamee was unaware he could have testified. In any event, the state judge found that the testimony would not have made a difference. My experience tells me that it is extremely unlikely that his testimony at the hearing was ever a realistic possibility. Rarely do defendants testify during suppression hearings. And under the facts of this case, cross-examination of Mr. McNamee offered far more risk than any possible gain.

Finally, it would make no sense for defense counsel to try to play the many hours of recordings to the jury. The rule of completeness did not require it, the recordings were often inaudible, and the damage from Mr. McNamee's admissions and inconsistencies with the story he told during trial would have been considerable. The state court's conclusion that Mr. McNamee could not meet either prong of *Strickland* was certainly reasonable given these facts.

For the foregoing reasons, and based upon my independent *de novo* review of the record, it is **ORDERED AND ADJUDGED** that:

(1) Petitioner Paul T. McNamee's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (DE 1) is **DENIED.**

(2) Mr. McNamee's Objections to the Magistrate's Report (DE 23) are **OVERRULED**.

(3) Magistrate Judge Maynard's Report (DE 20) is hereby **ADOPTED**.

(4) Further, I find that Mr. McNamee has failed to make "a substantial showing of the denial of a constitutional right" sufficient to support the issuance of a Certificate of Appealability. *See* 28 U.S.C. § 2253.  Accordingly, a Certificate of Appealability is **DENIED**.

(5) Final judgment will be entered by separate Order.

**SIGNED** in Chambers in West Palm Beach, Florida, this 31st day of March, 2021.

Donald M. Middlebrooks
United States District Judge

Copies to:  Magistrate Judge Shaniek Maynard
            Counsel of record